ALLEN v. MADDOX.

1. **Partnership:** SET-OFF: FORECLOSURE. In an action to foreclose a mortgage the defendant may plead, as a set-off, an account against a firm of which the foreclosure plaintiff is a member. COLE, J., *dissenting*.

2. ————: ————: STATUTE OF LIMITATIONS. In such a case the statute of limitations does not operate to bar the set-off. (Revision, Sec. 2752.)

3. **Set-off:** WHAT CONSTITUTES. A cause of action founded upon a contract may be pleaded as a set-off when, although it exists in favor of several parties, it may be pleaded by one alone, or, when it exists against several, it may be pleaded against one.

*Appeal from Polk District Court.*

WEDNESDAY, DECEMBER 16.

ACTION to foreclose a mortgage, commenced December 14, 1872. The defendant in his answer, by way of set-off, pleaded that on the 11th day of April, 1867, he sold and delivered to the firm of Smith, Allen & Co., merchandise, for which the sum of $94 still remains due and unpaid. To this answer plaintiff demurred: 1. Because the claim set up in the answer is barred by the statute of limitations. 2. The demand is not upon plaintiff, but upon the firm of Smith, Allen & Co., and therefore not subject to be pleaded as a set-off. The demurrer was sustained, and defendant appeals.

*Parsons & Lewis*, for appellant.

*W. W. Williamson*, for appellee.

BECK, J.—I. If the claim pleaded by defendant be either a counter-claim or set-off, it is conceded that, under Revision Sec. 2752, it is not barred by the statute. It is not asserted that it is a counter-claim, which can only be a cause of action "arising out of the contract or transaction set forth in the petition, as the foundation of the plaintiff's claim, or connected with the subject of the action." Rev., Sec. 2888.

The demand then must be, if pleadable at all in the action, either a set-off or cross-demand. To determine which of these it is, constitutes the task imposed upon us by this case.

Revision, section 2886, is in these words: "A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising on contract, or ascertained by the decision of the court." To determine when a demand, under this provision, may be set up by the defendant in an action against the plaintiff, we must consider the nature of the action in which it is pleaded, and the nature of the claim itself. 1. It can only be pleaded in an action on a contract. It cannot be pleaded in an action of tort. 2. It must be a demand or "cause of action" arising on a contract, or ascertained by the judgment of a court. It cannot be a cause of action founded on tort. There is no limit as to the nature of the claim further than that it must be founded on contract, or the decision of a court; neither is there any limitation as to the character of the party pleading it further than it must be a "cause of action," by which we understand that defendant must have the right to prosecute an action upon it. Neither is there any limitation further than this as to the character of defendant or his liability,—it must be a "cause of action" against him,—he must be liable to an action thereon, at the suit of the defendant. With these reflections, we have a clear understanding of that which the statute denominates a set-off. Does the demand pleaded by plaintiff fill the conditions 1. PARTNER- pointed out? As to the action in which it is SHIP; set-off: foreclosure. pleaded, it does, without question, for it is founded upon a contract. So, as to the nature of the demand itself, there can be no doubt, for it arises on a contract. Now is it a "cause of action" in defendant's hands against plaintiff? Of this there can be no doubt. That defendant would be entitled to bring the action, provided plaintiff may be sued thereon alone, will not be denied, and plaintiff's separate liability in the action as a partner, is determined by the statute, and frequent adjudications of this court. Rev. § 2764; *Ryerson v. Hendree*, 22 Iowa, 481; *Ballinger v. Tarbel*, 16 Iowa, 493; *Dubuque Co. v. Koch*, 17 Iowa, 230; *Redman & Frear v.*

*Malvin & Cloud*, 23 Iowa, 296; *Hosmer, Adm'r, v. Burk*, 26 Iowa, 353.

We conclude that the nature of the demand, and the action in which it is pleaded, as well as the liability of plaintiff, all fall within the definition of set-off as given above.

II. But it is said that "a set-off must be a demand mutual and between the same parties. A separate demand cannot be set-off against a joint demand, nor a joint demand against a separate demand;" and authorities are cited to support this position. It may be admitted that cases are found to that effect, but they are under statutes not similar to ours. The right of set-off is given by statute, and we may expect the decisions under different systems not to harmonize. Under our statute one of several joint obligors may be sued upon a contract, and an action may be maintained against one of several partners upon an obligation of the firm.

Now if the rule announced by plaintiff's counsel be correct, an illustration will exhibit its unjust operation. A member of a firm holds a claim on a contract in his individual right against another firm. He brings his action against one of the partners, and may recover. But this partner that is sued holds a cause of action on contract against the firm of which the party suing him is a member, and pleads it as a set-off. Under the doctrine contended for he could not do this, though recovery could be had against him on a claim precisely of the character of the one he sets up. It appears to us that this would be administering one kind of law and justice to the plaintiff, and another kind to defendant; there is an evident want of equality.

But it is said that the defendant in such a case can plead his cause of action as a cross-demand. Admit it, but in that

2. ——: ——: case he might be in the situation of the defendant
statute of lim-
itation. in this case; and find the statute of limitation in the way. And here we would find just what our reformed system of pleading has boasted of abolishing, namely, the dependence of rights upon the name of the proceeding or remedy adopted. Because a party names his plea a cross-demand, he is barred by the statute; if he be permitted to call

it a set-off, he could recover. Now, it is hardly reasonable to suppose that in enacting our code of procedure, the legislature intended that rights and remedies in such a case should depend upon names and forms of proceeding. ; For a moment we will consider why the statute of limitation is suspended by Rev.; Sec. 2752, in cases where the set-off and counter-claim are pleaded.

· The counter-claim and set-off being based upon causes of action founded on contracts, are regarded in the nature of payment upon or satisfaction of claims against the holders, if held at the time the statute would otherwise bar them; hence, under Sec. 2752, they are excepted from the operation of the statute. Thus, if A. holds a claim founded upon a written instrument against B., who, at the same time, holds a demand upon an account against A., it would seem inequitable that the statute should bar B.'s claim while A.'s could be enforced; hence the provision of the statute exempting the counter-claim and set-off from limitation. The claims, whenever they are barred, are regarded as debts that ought in justice to be set off against debts held by those owing them.

· III. We will proceed further to consider the nature of a cross-demand. It is " any new matter constituting any cause of action in favor of the defendant, or all of the defendants, if more than one, against the plaintiff, or all the plaintiffs, if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held, either matured or not, if matured when so plead." Rev., Sec. 2891.

The plea under this section, unlike the set-off, may be filed in actions other than those brought on contracts; and, unlike the counter-claim, may be of matters other than such as arise out of the transaction set forth in the petition. Unlike the set-off it is not confined to demands arising upon contracts. The claim presented in the plea must be " in favor of *the* defendant, or *all* of the defendants, and against *the* plaintiff, or *all* of the plaintiffs; that is, it must be in favor of and against the parties as they stand in the action, and all of them. In this respect it differs from the counter-claim, which may

be pleaded by a part of the defendants against a part of the plaintiffs, and also from the set-off, which may be pleaded when persons other than the parties to the suit are concerned in the matter set up, and new parties may be made to determine the plea. Sec. 2888.

We have just seen that, upon a cause of action against partners, a recovery may be had against one of them. Now, there 3. SET-OFF: is a very simple test which determines whether what constitutes. the demand under consideration may or may not be pleaded as a set-off. It is this: If it would be a set-off in a case where there are more than one defendant, it would be where there is but one. That is, the number of defendants and their connection with or right in the demand, would not have the effect of destroying its character as a set-off; neither could it affect defendant's right to plead it as such; the number of the parties would not defeat defendant's rights.

Now, suppose another party had united with defendant in the execution of the mortgage, and defendant is sued thereon alone. In that case the demand, though due defendant's co-maker alone, and in his own right, would be a set-off. Sec. 2887. No reason can be given why a like demand in the hands of a sole creditor, in his own right, should not be considered a set-off. To so hold would make his rights depend on forms and names.

The fact that Allen is a partner, a joint obligor, being out of the way, for we have seen he is to be regarded as though the demand were against him as a sole debtor, the construction of the statute which would regard defendant's claim as a cross-demand, would operate to abrogate the set-off and nullify the statute authorizing it, for in that case the cross-demand would cover every case of set-off. This certainly was not intended by the law-makers.

Both provisions of the statute, those relating to the set-off and cross-demand, if possible, must be made, by construction, to stand, and both, by proper construction, may be permitted to stand and be of force. The cross-demand will, under such construction, apply to all claims not covered by the definition of counter-claim and set-off. Of such there are many.

Causes of action not resting on contracts may be pleaded as cross-demands in actions upon contracts; and causes of action upon contracts may be so pleaded in actions of tort. There are numerous causes of action which may be regarded as cross-demands under the statute. Consideration of the nature of these will explain the reason of Sec. 2752, which does not include them in the exemption from the statute of limitations when pleaded to an action as cross-demands, as it does the counter-claim and set-off. It could hardly be supposed that a demand for a tort is intended as satisfaction or payment for a claim on a contract or that an indebtedness on a contract was intended to be discharged by the damages accruing for tort. Hence, when such demands are pleaded to such actions the statute of limitation is wisely left to operate without restriction.

These reasons bring us to the conclusion that the demand pleaded by defendant in this action is to be regarded as a set-off, and is therefore not barred. The demurrer should have been overruled.

REVERSED.

COLE, J., does not concur in the foregoing opinion, because it seems to him that the set-off referred to in the statute, only includes the idea of a set-off in its proper legal signification, and is limited to matters connected with the claim sued on, or to mutual accounts between the parties.