RUMSEY & CO. v. ROBINSON & ATHERTON ET AL.

1. **Practice**: DEMURRER: TIME OF FILING. In overruling a motion to strike a demurrer from the files, because not filed in time, the court, in effect, extended the time and granted leave to file the demurrer.
2. **Counter-claim**: PLEADING: DEMURRER. It is essential that the cause of action, pleaded as a counter-claim, should have been held by the defendant at the time when the suit was commenced in which the counter-claim was interposed, and the pleadings in this case not showing such fact, the demurrer thereto was properly sustained.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 21.

ON the 19th day of October, 1880, the plaintiffs commenced an action against the defendants upon their acceptance of a

draft for $683.12. The petition alleged that the defendants had disposed of their property with intent to defraud their creditors, and asked for a writ of attachment against their property. On the same day the plaintiffs filed an attachment bond in the usual form. On November 16, 1880, the defendants, Robinson & Atherton, filed their answer and counter-claim, substantially as follows:

1. They deny that they had disposed of their property with intent to defraud their creditors, but admit the other allegations of the petition.

2. They state that on or about October 19, 1880, plaintiffs wrongfully and maliciously sued out a writ of attachment against the property of the defendants, and caused the writ to be served, to the damage of the defendants in the sum of $500.

3. The third count is substantially the same as the second, except that a copy of the attachment bond is set out, and a counter-claim for $500 is based upon that for alleged wrongful suing out of the attachment. The defendants ask that said amount, aggregating $1,000, be set off against plaintiff's claim, so far as necessary, and that they have judgment for the balance. The plaintiff's filed a demurrer to the second and third counts of the answer, which demurrer was sustained. The defendants, thereupon, filed an amendment to their answer, to which a motion for a more specific statement was filed, and was sustained. The defendants then filed a more specific statement to their answer, which the court, on motion of the plaintiffs, struck from the files. On January 26, 1881, the defendants, Robinson & Atherton, filed their substituted more specific statement as follows:

"That said writ of attachment was levied by the sheriff of Polk county, but these defendants cannot now state when the same was levied, but according to their best information and belief, it was levied on or about the day of the date of said writ; nor can they state how the same was levied, further than that one William Foster was garnished, and they are

advised and believe that other persons, supposed debtors of these defendants, or the custodians of their property, were also garnished; that said Foster, garnishee, was in possession of the property of these defendants by virtue of a general assignment; that the levy of the attachment by such garnishment became a prohibition against the disposition of the property so held by said Foster, until the rights of these plaintiffs and the liabilities of said Foster were determined under said garnishment; that by reason of said garnishment, the said Foster held possession of said property in a building rented by these defendants of one F. M. Mills, and said Foster, as required by said levy, has held possession of said goods in said store, and the rent which these defendants have paid and will have to pay up to the date of filing this amendment, will amount to about $250, and these defendants have been damaged in that sum thereby.

"That by reason of said garnishment, said Foster, as assignee of these defendants, has been prevented from selling said goods, and has been compelled to keep the same to await their liability under said writ, and the value of said goods has been thereby reduced about $500.

"These defendants state that they have used all diligence to obtain from the sheriff his return upon said writ, and to learn from him when and how he levied the same, and they learn that said writ and return have been lost or mislaid, and they cannot state more specifically than as above, the facts in relation thereto."

The plaintiffs filed a demurrer to this amended answer, which the court sustained. The defendants thereupon, on the fourth day of February, 1881, filed a further amendment to their answer, as follows:

"That at and before the filing of said original answer and counter-claim, it was agreed and understood by and between Wm. Foster, the assignee, and these defendants, that these defendants should have the right to, and should be considered the owners of, the claim which the said Wm. Foster might

have, as such assignee, against the plaintiffs herein, by reason of the wrongful and willfully wrongful suing out and levying the attachment, as heretofore averred, against the property of these defendants, and that, if it was necessary in order to enable these defendants to use the same as a counter-claim or set-off to the cause of action sued upon, that the claim of said assignee should be assigned, that the said Foster would assign the same in writing to these defendants for the purpose of being so used. That at the time of filing of said original answer, and counter-claim, it was not thought necessary by the attorneys for these defendants that such written assignment should be made; that since the ruling of the court upon the demurrer to said answer and amendment, these defendants have obtained from said Wm. Foster, assignee, as aforesaid, an assignment in writing of such claim, a copy of which is annexed to this amendment as part hereof, marked 'Exhibit B.'

"These defendants further aver that the debt or claim sued upon, at the time of the filing of the original answer herein, was a just claim against the property, or the proceeds thereof, of these defendants, which had been theretofore assigned to said Foster, and that the damages claimed by these defendants in the second and third counts of their answer and counter-claim, are sought to be recovered, only for the purpose of being used as a set-off or counter-claim to the cause of action sued upon by plaintiffs, and that any amount which may be recovered, will enure in its legal effect to the benefit of said assignee, in the way of a payment *pro tanto*, upon plaintiffs' claim, and to the equitable and ultimate interests of these defendants in the reduction of their liability to the plaintiffs, in case the property in the hands of said assignee shall not be sufficient to pay in full all their liabilities, including that sued upon.

"These defendants, therefore aver that they are now, and were at the time the original answer and counter-claim herein was filed, both the legal and equitable owners of the cause of

action against the plaintiffs, set up in their original answer and counter-claim and the amendment thereto.

"Wherefore, these defendants ask judgment as in their original answer and counter-claim."

Exhibit B attached to the amended answer is as follows:

"In consideration of the agreement by Robinson & Atherton, to apply any amount they recover in payment or reduction of the claim of L. M. Rumsey & Co. against said Robinson & Atherton, it being one of the claims against me as assignee of said Robinson & Atherton, and in consideration of one dollar in hand paid, the receipt whereof is hereby acknowledged, I do hereby sell, assign and transfer to said Robinson & Atherton, all my right of action or claim for damages, as assignee of Robinson & Atherton, against L. M. Rumsey & Co., for the wrongful and willfully wrongful suing out of an attachment against the property of said Robinson & Atherton, in a suit now depending in the Circuit Court of Polk county, wherein L. M. Rumsey & Co. are plaintiffs, and Robinson & Atherton are defendants. This written assignment is executed pursuant to an agreement or understanding had between us when said attachment was sued out and levied.

Witness my hand this 3d day of February, 1881.

WM. FOSTER,
*Assignee of Robinson & Atherton.*"

On the 7th day of February, 1881, the plaintiffs filed a demurrer to this amendment as follows:

"1. That the alleged assignment of said pretended cause of action from Wm. Foster, assignee, to the defendants, is on its face fraudulent and void, and conveyed or passed no title or interest whatever to said defendants.

"2. That said amendment, on its face, shows said assignment to have been beyond the power or authority of said assignee to make or execute.

"3. That said amendment does not allege said assignment to have been made or executed with the consent or by the authority of the court.

"4.  That said amendment does not show that defendants were the owners of said cause of action at the time the suit was brought or commenced.

"5.  That said amendment, on its face, shows that defendants were not owners of such cause of action when this suit was brought, or when their original answer or counter-claim was filed."

The defendants on the same day filed a motion to strike the demurrer from the files, upon the ground that it was not filed within the time provided by section 2636 of the Code; and plaintiffs did not obtain an extension of time as provided in section 2638 of the Code.  The court overruled this motion and sustained the plaintiff's demurrer, to which rulings the defendants excepted.

The defendants elected to stand upon their pleadings, and judgment was thereupon rendered against the defendants, Robinson & Atherton, and H. H. Robinson and A. C. Atherton, for $711.00 and costs.  Robinson & Atherton and H. H. Robinson appeal.

*Cole & Cole*, for appellants.

*Wright, Cummings & Wright*, for appellees.

DAY, J.—I.  The appellants insist that the court erred in overruling the motion to strike the demurrer from the files.

1. PRACTICE: demurrer: time of filing. Section 2636 of the Code provides: "Each party shall demur, answer, or reply to all subsequent pleadings, including amendments thereto and substitutes therefor, before noon of the day succeeding that on which the pleading is filed."  Section 2638 of the Code provides: "The court may extend the time of filing any pleading beyond that herein fixed."  It was clearly within the discretion of the court to extend the time of filing the demurrer.  It is said, however, that the demurrer was filed without extension of time, and without leave of court.  But when the court overruled the motion to strike the demurrer from the files,

it in effect extended the time and granted leave to file the demurrer. This question is definitely settled by *Williams v. The Niagara Fire Ins. Co.*, 50 Iowa, 561.

II. We deem it necessary to determine only the fourth ground of demurrer, "that said amendment does not show 2. COUNTER-    that defendants were the owners of said cause of CLAIM: pleading: demurrer. action at the time the suit was brought or commenced."

Section 2659 of the Code provides: "Each counter-claim must be stated in a distinct division, and must be   *   *   *; 3. Any new matter constituting a cause of action in favor of the defendant, or all of the defendants, if more than one, against the plaintiff, or all of the plaintiffs, if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held, either matured or not, if matured when so plead." It is essential under this provision, that the cause of action pleaded as a counter-claim should have been held by the defendant at the time when the suit was commenced, in which the counter-claim is interposed. In *Reed v. Chubb Brothers, Barrows, & Co.*, 9 Iowa, 178, it was held that "when the affidavit for attachment, and the bond are filed, and the writ sued out, at the commencement of the action, if the writ is wrongfully sued out, any damages sustained by the defendant therefrom constitute a claim held by him at the commencement of the suit, in such a sense that the same may be set off against the plaintiff's demand, in the same action." The provisions of the statute under which this decision was announced, were substantially the same as now. This decision, however, applies to a case where the right of action for damages for the wrongful suing out of the attachment inured to the attachment defendant, and was held by him at the very instant that it came into existence. The answer of the defendants shows that all of their property was held by William Foster, under a general assignment. Whatever right of action arose for injury to, or diminution in the value of this property, inured,

not to the defendants, but to the assignee. Code, § 2127. If the defendants have acquired any right to sue for this damage, it can be only in virtue of the assignment, either written or in parol, of the assignee. The written assignment was made on the 3d day of February, 1881, more than three and one-half months after the commencement of the action. In the nature of things a parol assignment could not have been made until after the claim for damages arose; and, if made thereafter, it was not held by the defendants when the suit was commenced. The defendants do not, in their amended answer, allege that they owned this claim for damages at the time the action was commenced. They allege that at and before the filing of said original answer and counter-claim it was agreed and understood between them and William Foster, that these defendants should have the right to and should be considered the owners of the claim which Foster might have, as assignee, against plaintiffs, for the wrongful suing out and levying of said attachment, and that defendants are now, and were at the time the original answer and counter-claim was filed, both the legal and equitable owners of the cause of action, set up in their original answer and counter-claim and the amendment thereto. The action was commenced on the 19th day of October, and the original answer and counter-claim was filed on the 16th day of November. The amendment does not show that the defendants were the owners of the cause of action, at the time the suit was commenced, and for that reason the demurrer as to the fourth ground, was properly sustained.

III. The original notice was not served upon A. C. Atherton. It is claimed that he did not appear, by counsel or in person, and that therefore the judgment against him, personally, is erroneous. The abstract shows affirmatively that A. C. Atherton does not appeal, and does not appear in this court. It is claimed, however, that the defendant, H. H. Robinson, may raise objection to the judgment against Atherton, for the reason that the whole judgment may be collected

of Atherton; and Robinson, as partner, may then be required to contribute to the payment of the judgment, and thus be deprived of his right to reduce the judgment by his claim for damages for the wrongful suing out of the attachment. But, as Robinson cannot sue upon the counter-claim for damages, this argument is deprived of all force. The judgment is

AFFIRMED.