Sherman v. Hale.

SHERMAN v. HALE *et al.*

1. **Pleading:** COUNTER-CLAIM: WHAT IS. The word "counter-claim," as used in the Code, includes the "set-off," "counter-claim" and cross-demand of the Revision. And in an action by an administrator against the two makers of a promissory note to his intestate, *held* that a claim in favor of one of the defendants for boarding the intestate and her son, might be pleaded as a counter-claim, under section 2659, par. 1, of the Code. ( Compare *Allen v. Maddox*, 40 Iowa, 124.)

2. **Practice:** TRIAL: RIGHT TO OPEN AND CLOSE: WAIVER. Where a party who has the right to open and close a case in the introduction of the evidence, and in the argument to the jury, does not at the time demand his right, but allows the other party to open and close without objection, he waives the right, and cannot afterwards be heard to complain.

3.  **Instructions:** REPETITION NOT REQUIRED.  Where the issue is a plain one, and the court fully instructs the jury, there is no error in refusing to give additional instructions upon the request of a party.

4.  **Appeal:** FROM DEMURRER TO COUNTER CLAIM : COSTS.  Where there was judgment for plaintiff below, but the court erred in sustaining a demurrer to defendant's counter-claim, *held* that the judgment for plaintiff should stand pending the trial of the counterclaim below, but that plaintiff should pay the costs of the appeal. ( See *McAfferty v. Hale*, 24 Iowa, 355.)

*Appeal from Buchanan District Court.*—HON. D. J. LENEHAN, Judge.

FILED, DECEMBER 23, 1888.

ACTION on a promissory note. The defendant pleaded payment in part, and one of the defendants set set up a counter-claim. A demurrer to the counter-claim was sustained. There was a trial by jury, and a verdict and judgment for plaintiff. Defendants appeal.

*E. E. Hasner*, for appellants.

*Lake & Harmon* and *H. Boies*, for appellee.

ROTHROCK, J.—The defendants admitted the execution of the note. The counter-claim was pleaded by Julia A. Hale alone. It consisted of an account for boarding the plaintiff's intestate and her son. The account amounted to five hundred dollars. The demurrer was as follows: "Plaintiff demurs to the cause of action set up in the counter-claim for the following reasons: (1) It does not constitute a cause of action arising out of the contract or transaction set forth in the petition, nor is it connected with the subject of the action. (2) Because it does not constitute a cause of action in favor of both of the defendants herein against the plaintiff or his intestate. (3) Because it affirmatively appears from the allegations in said counterclaim that the matters therein alleged constitute a cause

of action arising out of new matters not connected with the contract sued on, or with the subject of this action, in favor of one only of two joint defendants, and such matter does not for that reason constitute a proper subject of counter-claim in this action."

I. The correctness of the ruling of the court upon the demurrer is the first question presented for our consideration. It is conceded by counsel for appellee that the matter set up in the counter-claim would have been good as a set-off under the Revision of 1860, but that under the Code it cannot be pleaded as a counter-claim. A careful examination of the provisions of the Revision relating to set-off, counter-claim and cross-demand, and of the sections of the Code upon the same subject-matter, leads to no other conclusion than that the only difference between them consists in this: that what was denominated "set-off," "counter-claim," and "cross-demand" in the Revision, are called "counter-claims" in the Code. Section 2659 of the Code is as follows:   "Each counter-claim must be stated in a distinct division, and must be (1) when the action is founded on contract, a cause of action also arising on contract, or ascertained by the decision of a court ; or (2) a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contracts or transactions set forth in the petition, or connected with the subject of the action ; or (3) any new matter constituting a cause of action in favor of the defendant, or all of the defendants, if more than one, against the plaintiff, or all of the plaintiffs, if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held, either matured or not, if matured when so plead." The three subdivisions of this section are in substance the same as sections 2886, 2889, and 2891 of the Revision of 1860. The only difference is that the first subdivision above set out is called a "set-off," the second, a "counterclaim," and the third, a "cross-demand." It was held

*Margin note: 1. PLEADING: counter-claim: what is.*

in *Allen v. Maddox*, 40 Iowa, 124, that a cause of action founded upon a contract may be pleaded as a set-off by one defendant, or, when it exists against several, it may be pleaded against one. We must regard the decision in that case as decisive of the question now under consideration. This counter-claim, as it is now called, is pleaded in an action founded on contract, and the counter-claim is a cause of action arising on contract. The demurrer to the counter-claim should have been overruled.

II. A trial was had upon the question as to the payments alleged to have been made upon the notes upon which the suit was brought. The jury found that no payments had been made by the defendants. The defendants allege that they were greatly prejudiced in the trial of the cause because they were not awarded the opening and closing in the introduction of the evidence and in the argument to the jury. The record not only fails to show that they demanded the right to do so, but it shows affirmatively that in the argument of the case to the jury the plaintiff had the opening and close without objection. Numerous objections were made to the rulings of the court upon the admission and exclusion of evidence. An examination of these objections satisfies us that they are not well founded. It is useless to make separate and special mention of them in an opinion. The facts of the case are peculiar. It appears that one of the defendants had possession of the notes of the intestate before her death. Certain indorsements of payments were made upon the note in suit by the other defendant. These indorsements were claimed by plaintiff to be fraudulent. Much of the evidence objected to consisted of circumstances which tended in some degree to show that the indorsements ought not to have been made. We think the court's rulings upon the evidence were not subject to any well-founded objection.

2. PRACTICE: trial: right to open and close: waiver.

III. Objection is made to the refusal of the court to give certain instructions to the jury at the request

Metzgar v. The Chicago, M. & St. P. Ry. Co.

**3. INSTRUCTIONS: repetition not required.** of the defendants, and to nearly all of the instructions given by the court on its own motion. These exceptions are not well founded. The issue presented was exceedingly plain, and the charge of the court fairly presented every feature of the case to the jury. The verdict of the jury upon the issue presented to them will not be disturbed. The ruling on the demurrer will be reversed,

**4. APPEAL: from demurrer to counter-claims: costs.** and the cause remanded for a trial upon the counter-claim. The plaintiff's judgment will not be vacated, the court below to make the proper order to delay its collection during the pendency of the counter-claim. Plaintiff will pay the cost of this appeal. See *McAfferty v. Hale*, 24 Iowa, 355.

REVERSED.