MORRISON MFG. CO. v. W. H. RIMERMAN, Appellant.

**Attachment:** COUNTERCLAIM. Under Code, section 3570, the defendant in an attachment can not interpose a counterclaim based on a cause of action acquired by him through assignment after commencement of the suit.

**Same.** Under Code, section 3887, a defendant in an attachment suit can not interpose a counterclaim for damages on the bond, where the right of action therefor did not accrue from damages which he suffered, but was acquired by assignment from another who suffered damage by reason of the attachment.

**Foreign judgments:** CERTIFICATION. The certification of a foreign judgment which is in conformity with Code, section 4646, is sufficiently authenticated for admission in the courts of this State, regardless of the requirements of the statute of the State in which the judgment was rendered.

**Impeachment of foreign judgment.** A judgment of a foreign justice can not be impeached by testimony that no indebtedness existed on which the judgment could have been rendered.

*Appeal from Mahaska District Court.*— HON. JOHN T. SCOTT, Judge.

TUESDAY, JULY 11, 1905.

ACTION to recover the amount due on two judgments rendered by a justice of the peace in Illinois in actions brought by this plaintiff against this defendant. Defendant, in his answer, alleged that the judgments were void, and interposed a counterclaim for wrongful suing out of an attachment under which the goods of defendant's wife were levied upon, the cause of action to recover such damages having been assigned to this defendant. A demurrer to defendant's counterclaim was sustained, and on trial to the court without a jury judgment was rendered for plaintiff in the full amount of the judgments sued on, with interest. Defendant appeals.— *Affirmed.*

*Carver & Wooster,* for appellant.

*Pritchett & Patterson,* for appellee.

McCLAIN, J.— Plaintiff's demurrer to defendant's counterclaim was properly sustained because the counterclaim did not exist in favor of the defendant at the time the action was brought, but was afterwards acquired by him by assignment from his wife. Under the provisions of Code, section 3570, a cause of action not thus held by the defendant at the time action is instituted against him by the plaintiff cannot be interposed as a counterclaim in that action. *Rumsey v. Robinson,* 58 Iowa, 225; *Cawker City State Bank v. Jennings,* 89 Iowa, 230.

Notwithstanding the provision of Code, section 3887, that defendant may, in the attachment suit, interpose a counterclaim for damages on the bond, such counterclaim is not available to him if his right of action therefor has not accrued from damages which he has suffered, but has been acquired by assignment of a cause of action for damages accrued to another person by reason of a levy under attachment in such suit. *Rumsey v. Robinson, supra.*

Some question is raised as to the sufficiency of the certification of the transcripts of the judgments. An examination of these certificates as they appear in the record shows that they comply with the requirements of Code, section 4646, and it is immaterial what the provisions of the statutes of Illinois may be on the subject. The rules of evidence prescribed by our own Code will govern as to the sufficiency of these certifications, and it is not necessary that we should give the matter any further consideration.

The testimony of defendant that he was not indebted to the plaintiff with respect to the causes of action on which judgments were rendered against him by the justice of the peace of Illinois was wholly inadmissible, and was properly ignored by the trial court. A judgment duly proven cannot be impeached by the testimony of a witness that no indebt-

edness existed on which a judgment could properly be rendered. *Longueville v. May,* 115 Iowa, 709.   It is alleged in defendant's answer that the judgments rendered against him by the justice of the peace in Illinois are void, as having been procured by fraud, deceit, and misrepresentation.   But no facts constituting fraud are alleged, and no evidence of fraud appears in the record.   Therefore a defense to the action on the judgments is not made out.

It is contended that the record shows that the judgments were without jurisdiction on the part of the justice rendering them.   This contention is based on recitals in the transcripts, as shown by appellant's abstract, to the effect that the judgments were rendered on default upon service of summons issued to " George W. Webb, constable of Lyon county," and that the proceedings were before a justice of the peace of Logan county.   Issue is raised as to the correctness of appellant's abstract in this respect, and we have found it necessary to examine the certified transcript.   Such examination satisfies us that there is no such defect in the transcripts as is relied on by appellant, but that, on the contrary, the recitals show jurisdiction of the justice of the peace to render the judgments.

There is no error in the record, and the judgment is *affirmed.*