JOHN SHAW, Appellee, v. FRED W. IOERGER et al., Appellants.

**SET-OFF AND COUNTERCLAIM:** Mutuality—Counterclaim by One Joint Defendant. *New* matter which constitutes a cause of action in favor of *one* of several defendants is not pleadable as a counterclaim; and if an assignment of such cause of action to all the defendants is relied on, it must appear that the assignment was made prior to the commencement of the action. (See Book of Anno, Vol. 1, Sec. 11151, Anno. 75 *et seq.*)

Headnote 1: 34 Cyc. pp. 728, 755, 756.

Headnote 1: 24 R. C. L. 832.

*Appeal from Hamilton District Court.*—B. R. BRYSON, Judge.

MARCH 15, 1927.

REHEARING DENIED JULY 1, 1927.

Suit on a promissory note. From a directed verdict in favor of the plaintiff defendants appeal.—*Affirmed.*

*F. J. Lund,* for appellants.

*I. J. Sayrs* and *Henderson & Jones,* for appellee.

ALBERT, J.—Appellee's petition is the ordinary form in a suit on a promissory note. Appellants filed answer and counterclaim in three divisions. The first two divisions are each a general denial, which is eventually disposed of by a pleading in which appellants admitted the due execution of the note. The third division is an alleged counterclaim, claiming damages in the amount of $2,000 for the violation of a contract between appellee and appellants on an exchange of real estate. This third division was later withdrawn. Later, Ioerger, one of the appellants, filed a further answer and counterclaim, in which

he alleged that he agreed to purchase from appellee certain residence property in the city of Webster City for $9,000; that certain false and fraudulent representations were made; and that he was damaged thereby in the sum of $5,000. Appellee filed a motion to strike this amendment to the answer, and appellants filed a motion to strike the motion thus filed by appellee. Appellants' motion was overruled, and appellee's motion was sustained. Whereupon, appellants filed an amendment to the answer and counterclaim in two divisions: They admit the execution and delivery of the note sued on, and that the amount due is substantially as alleged in appellee's petition, were it not for the matters hereinafter alleged. They further say, for complete answer and defense, that the appellant Ioerger, in behalf of both of these appellants, entered into a written contract with appellee, by which appellee was to convey to Ioerger Lot 4 in Block 1, Lawn Hill Addition to Webster City, and that he failed so to do; that later, an agreement was made that appellee was to collect the rents until such time as the property could be sold, and was to place a loan on said property in an amount to cover the indebtedness due from these appellants, including the indebtedness represented by the note in suit; that appellee has collected said rents since March 1, 1922, and retained possession of the property and placed a mortgage thereon; that appellee sold and disposed of the same, put the property out of his possession and power to perform said contract; and that, by reason thereof, the appellants have been damaged in the sum of $1,000.

In the second division, they allege a written contract between the appellee and Ioerger for a conveyance to Ioerger of Lot 2, Block 84, Webster City, Iowa, for $9,000, and allege false and fraudulent representations in the making of said contract, and that appellants were damaged in the sum of $2,500.

This land contract agreed upon by the parties was a contract for the exchange of a farm for the two properties above referred to, and was made between John Shaw and Fred W. Ioerger. Each of these divisions of this amendment to the answer was met by a demurrer by the plaintiff, which was sustained by the court. Appellants did not elect to stand on this ruling, so far as the record shows. Appellee made a motion for a directed verdict, but, before the same was ruled on, appellants again amended their answer. They alleged the same matters

alleged in their former amendment to the answer as to the exchange of this property, but alleged that Shaw was permitted to retain possession of the town property and to collect the rents in an amount which they alleged to be unknown; that he is still in possession of the property; that he has not accounted to appellants for the rents; that, by reason thereof, said note is paid; and that the action cannot be maintained. They ask that appellee's petition be dismissed. They say that the action is prematurely brought, in that, on account of an agreement to allow Shaw to collect the rents, no action would be brought upon said note, and that he would collect the said note wholly from the rents aforesaid and from any moneys which he might be able to loan on said premises. They further say, as to this land contract, that it was executed and delivered by appellee at the request of Blodgett, and with the consent and knowledge on the part of appellee that the property thus conveyed to Ioerger was in fact the joint property of the two appellants; and that appellee well knew that said property was in fact owned by said appellants; and that the representations which are alleged to have been made in Division 2 of the amendment filed were made to both of the appellants by said appellee, knowing at the time that the property mentioned in fact belonged to both of the appellants. (It might be said that all of these amendments and motions were made during the progress of the trial.)

Plaintiff moved to strike this last answer because "the answer is based upon the same identical rights and is subject to the same identical objections as were the original pleadings of the defendants, demurrer to which has just been sustained by the court, and that there is nothing in these pleadings just dictated into the record which removes the same from the defects which are raised by the demurrer and which has been sustained and this pleading." Subject to this motion, appellee demurred to the pleadings on all grounds assigned in the original demurrer.

The appellants then filed another amendment to their answer and counterclaim, alleging that they were the joint owners of the entire claim and cause of action set forth in the answer and counterclaim herein mentioned; and also, to support this allegation, set out an assignment by Fred W. Ioerger to T. E. Blodgett of a one-half interest in the claim and cause of action

embodied in the answer and counterclaim on file in this case. This last amendment was met by a motion to strike. The court sustained this motion to strike the last two amendments. Appellants excepted. Appellants refused to plead further, and elected to stand on the pleadings. A verdict was directed in favor of appellee accordingly.

It will be noted from the above that the first answer and counterclaim were eliminated by subsequent admissions or withdrawals; that the second was stricken on the ground that it was a claim of F. W. Ioerger individually, and that Blodgett was not a party to the same. This gives rise to the first question, to wit: where there is one plaintiff and joint defendants, whether one defendant may plead, as a counterclaim, an independent and individual claim that he may have against the plaintiff. This requires a consideration of Section 11151, Code of 1924, which reads as follows:

"Each counterclaim must be stated in a distinct count or division, and must be:

"1.   When the action is founded on contract, a cause of action also arising on contract, or ascertained by the decision of a court.

"2.   A cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contracts or transactions set forth in the petition or connected with the subject of the action.

"3.   Any new matter constituting a cause of action in favor of the defendant, or all of the defendants if more than one, against the plaintiff, or all of the plaintiffs if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held, either matured or not, if matured when so pled."

The matters set up by way of defense did not arise out of, nor were they connected with, the contracts or transactions set forth in the petition, nor out of the subject of the action. Hence Division 2, above quoted, has no application.

The material part of this section that must have consideration herein is the third subdivision thereof. A careful reading of this section can lead to but one conclusion, and that is that, where new matter is set up which constitutes a cause of action in favor of one defendant, when there is only one, or of all of

the defendants, if there are more than one, it is a good counter-claim. Some confusion has crept into our cases from lack of careful attention to this proposition, as will be observed by a comparison of the following cases: *Allen v. Maddox,* 40 Iowa 124; *Jenkins v. Barrows,* 73 Iowa 438; *Sherman v. Hale,* 76 Iowa 383; *Armstrong v. James & Co.,* 155 Iowa 562; *Dolan v. Buckley,* 197 Iowa 1363. A comparison of these cases with the text of the statute shows that the case of *Sherman v. Hale,* supra, is out of line with the general trend of our decisions on this section of the statute. We are satisfied that the purpose of this section of the statute was to fit the identical set of facts we have before us in the case at bar, and that the statute needs no construction, but means exactly what it says: That is, if there be but one defendant, he may file a counterclaim; if there be more than one defendant, then the counterclaim filed must belong to all of the defendants. This is the wording of the statute, and we so hold.

It might be said in passing that, prior to the adoption of the Code of 1873, a counterclaim, set-off, and cross-demand were treated separately, in different sections of the Code. Since the adoption of the Code of 1873, however, the general statute above set out is the result of a consolidation of the three different sections of the Revision of 1860, and all treated as counterclaims.

This would seem to decide the principal question involved in this case. It is met, however, by the suggestion that, at a later time in the proceedings, there is an allegation that an assignment was made by one defendant to his codefendant of a one-half interest in this claim; but there is no allegation that such assignment was made before this lawsuit was commenced. That an assignment made after the action was commenced is not available, see *Cawker City St. Bank v. Jennings,* 89 Iowa 230; *Sullivan v. Nicoulin,* 113 Iowa 76; *Morrison Mfg. Co. v. Rimerman,* 127 Iowa 719; *Cohn, Baer & Berman v. Bromberg,* 185 Iowa 298.

The rule as to the right of set-off in equity, under equitable principles and maxims, in a case where a set-off at law for non-mutuality might be denied, is not passed upon, as it is not involved in this case.

It is urged that, under the allegations of the last amendment to the answer, the question of payment was in the case, and should have gone to the jury. We do not so consider the mat-

ter; as the allegations do not rise to the point of a plea of payment. If either of these parties has a claim, under the alleged contract, against appellee, he must recover thereon in an action brought for that purpose; as such claim, pleaded as it is here, is not available to him in this action.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.