68 567
131 280

## KRAMER v. KRAMER.

1. **Evidence**: PAROL TO CONTRADICT DEED AND ESTABLISH RESULTING TRUST. Where an ordinary deed of real estate, made to a minor, recites that the consideration was paid by the grantee, *quære* whether the father of the grantee can be allowed, for the purpose of recovering the title to himself, to show by parol that he bought and paid for the property, and caused it to be conveyed to his son in trust.

2. **Trust**: GIFT AND CONVEYANCE OF LAND TO SON: ACTION BY FATHER TO CANCEL DEED: ESTOPPEL. Plaintiff purchased the land in question, and, for no very definite reason, caused it to be conveyed to his son, only twelve years old. He afterwards made improvements on the property and occupied it as a place of residence. In order to borrow money on the property to pay for the improvements, he applied for and obtained letters of guardianship of his son. In his sworn petition asking for letters he stated, in substance, that the property belonged to his son. *Held* that he was thereby estopped from afterwards recovering title to the property on the ground that the son held it only in trust for him.

BECK and ROTHROCK, JJ., *dissenting.*

### *Appeal from Scott District Court.*

### WEDNESDAY, APRIL 21.

THIS action was brought to cancel a certain deed executed to the defendant by the Davenport Savings Bank, and to quiet the title to the premises in the plaintiff. There was a decree for the plaintiff, and the defendant, by his guardian *ad litem*, E. E. Cook, appeals.

*E. E. Cook*, for appellant.

*George E. Hubbell*, for appellee.

ADAMS, CH. J.—The deed in question purports to have been made for the consideration of $3,125, paid to the grantor by the defendant, the grantee. The plaintiff seeks to establish a trust in this property, averring that, in equity, he is the sole owner thereof, and that the defendant has no beneficial interest in it. He does not set out any writing by which he claims that such alleged trust is evidenced. He relies, indeed, wholly upon parol evidence to establish it, and it was upon such evidence alone that the decree in the plaintiff's favor was rendered. We may say, further, that there is no allegation in the petition of fraud, or abuse of confidence, or mistake. Whether such a deed is open to be attacked upon parol evidence is, to our mind, subject to grave doubt. If the deed had recited that the consideration was paid by the plaintiff, it may be conceded that he might have set up a trust in the property, and relied upon the recital as raising a presumption of a trust, until some evidence should be introduced tending to show that the plaintiff intended to make a gift; as, for instance, that the grantee is the plaintiff's son. But the deed does not contain such recital. It recites that the consideration was paid by the grantee. It is in form an ordinary deed, and if it could be attacked by parol, we are unable to see why any deed might not be.

*1. EVIDENCE: parol to contradict deed and to establish resulting trust.*

But the case is such that we need not determine the question as to whether the trust could be established by parol, because, in our opinion, the parol evidence introduced and relied upon does not show a trust. It appears from the evidence that the defendant is a boy, and the only child of plaintiff, and was at the time of the conveyance in question about twelve years of age. The plaintiff purchased three lots in the city of Davenport with his own money, and caused the title to one to be conveyed to his wife, and one to his son, and one to himself. His object he expressed in his testimony in these words : "My wife has one. I thought I would have one in my name, and

*2. TRUST: gift and conveyance of land to son: action by father to cancel deed: estoppel.*

one for Sidney, (the defendant,) to have a deed in each one. It may be mere-braggadocio that each one should have a house." He afterwards made improvements upon the house on his son's lot, and had occasion to borrow money upon the house and lot to pay for the improvements. To enable him to borrow money, he applied for and obtained letters of guardianship upon his son. In his sworn petition asking for letters he stated that "the said minor has property in his own right, consisting at present wholly of real estate; that a guardian is necessary in order to protect and care for said property."

If it is true that the defendant merely held the title in trust for the plaintiff, as he avers, then it is not true, as he previously swore, that the defendant had property in his own right; and it is not true that a guardian was necessary to protect and care for it. It is abundantly manifest that he regarded the property as belonging rightfully to his son until several months after the conveyance. It is true, he proceeded after the conveyance to occupy the property as a place of residence, and there is no evidence that he accounted for rent; but we cannot, under the circumstances, attach much importance to the fact. It cannot overcome his own sworn statement that the property was the property of his son. His attorney, inconsistently with the significance of an oath, contends that the sworn statement is to be accounted for, not on the ground that it was supposed by the plaintiff to be true, but on the ground of the pressure of the necessity of borrowing money. This position may be satisfactory to the plaintiff and his attorney, but it is not satisfactory to us. We believe that the sworn statement was made honestly by the plaintiff, and that his present position has been invented for him.

In our opinion, the decree of the district court should be
REVERSED.

BECK, J., *dissenting.*—I. The facts of the case, as shown by the pleadings and established by the evidence, are these:

Plaintiff, having purchased certain real estate in the city of Davenport, caused the deed therefor to be made to his son, a lad twelve years of age. The property was purchased for the purpose of occupancy by plaintiff, and, after quite extensive repairs, was so occupied. The purchase price of the property was wholly paid out of plaintiff's own money. The plaintiff was solvent. He does not seem to have had any well-defined purpose in causing the conveyance to be made to his son. He certainly had no intention to bestow the property upon his son as an advancement, and there was no intention to cover up the property so that it could not be reached by creditors. Indeed, it does not appear that he was indebted to any considerable extent. His own explanation of the conveyance to the son is, in effect, that it was a foolish act, done without consideration or purpose.

II. The property in question having been purchased and paid for by plaintiff with his own money, a resulting trust arises in his favor, and the title of the realty is held by the son subject thereto. The law presumes that the conveyance was in the nature of an advancement to the son, but the presumption may be overcome by clear and satisfactory evidence. *Cecil v. Beaver*, 28 Iowa, 241. It is a familiar rule that a resulting trust of the character of the one recognized in this case may be established by parol evidence, if sufficiently clear and satisfactory, and such evidence will, of course, overcome the presumption just stated, that the conveyance was made as an advancement to the son. The evidence in this case, which we regard as sufficient to overcome this presumption and establish the trust, is mainly the testimony of the plaintiff himself. But he is corroborated in important and controlling facts by other evidence.

III. The plaintiff caused himself to be appointed guardian for his son after the deed was executed to him; and for the purpose of raising money in order to make repairs upon the house, under authority of the proper court, obtained upon his application, executed as guardian, a mortgage upon the

property. Counsel insists that plaintiff is estopped by reason of these transactions, to deny that defendant holds the absolute title to the property. It is urged that an estoppel exists—*First*, by record; *second*, by the conduct of plaintiff. The claim of estoppel by record is based upon the action of the court empowering plaintiff to execute a mortgage in his capacity of guardian; but the question of the character of the son's title, or his interest in the realty, was not in issue nor involved in the proceedings in that action. They cannot, therefore, operate as an estoppel against the claim of plaintiff.

IV. There is no estoppel arising from the conduct of plaintiff, for the reason that the evidence shows no fraud, representation or concealment intended to induce defendant to do any act, nor was any act done by reason thereof. Defendant did not change his condition by reason of the conveyance, and he will lose nothing in which he has a right by reason of the plaintiff's conduct. The doctrine of estoppel, therefore, is not applicable to the case. See Bigelow, Estop, 480 *et seq.;* Bisp. Eq., §§ 281, 282; Pom. Eq. Jur., § 802.

No other questions arise in the case. We reach the conclusion that the decree of the district court vesting the title of the real estate in plaintiff is correct, and ought to be affirmed.

ROTHROCK, J., concurs with the dissent.