WILLIAM J. GALT, Appellee, v. ELIZABETH PROVAN, JEAN McCORNACK and DAVID GALT, Appellants.

**Contracts:** INSEPARABLE. A contract that in consideration of defendant's interest in an estate and certain personal property, plaintiff would relinquish all claims upon the estate and convey to one of defendants certain real estate, and providing further that should plaintiff thereafter assert any claim upon the estate the contract should be void, is not separable.

**Conditions subsequent.** A provision in a contract as to the conditions upon which it shall become void is a condition subsequent and not precedent.

**Failure of consideration.** Failure to perform one condition of an indivisible contract, which is not the sole consideration therefore, will not constitute a failure of consideration.

**Estoppel.** Where parties successfully insist on the validity of a contract in one action they are estopped to deny its validity in a subsequent action between the same person.

**Part performance:** FORFEITURE. Where one of the parties to a contract has received part of the consideration equity will not permit him to retain the same and insist on a forfeiture because of a breach of a condition subsequent which was not the sole consideration for the agreement.

**Attorney fees and expenses:** ALLOWANCE. Where no claim is made for attorney fees or expenses in the pleadings or proofs it is error to allow the same as a set-off.

*Appeal from Tama District Court.*— HON. OBED CASWELL, Judge.

THURSDAY, JULY 12, 1906.

ACTION to recover one-fourth the value of certain property received by defendants in virtue of a contract between

the parties, whereby defendants agreed to give plaintiff an one-fourth interest in the estates of John and Jane Galt. Defendants pleaded a former adjudication, and breach of a condition precedent to the performance of their obligations under the contract. They also pleaded failure of consideration for the contract. Upon these issues the case was tried to the court resulting in a judgment for plaintiff for $3,649.45. Both parties appeal. As defendants first perfected their appeal they will be called appellants. On defendants' appeal affirmed, and on plaintiff's *reversed*.

*Dawley, Hubbard & Wheeler,* for appellants.

*Endicott & Pratt* and *Struble & Stiger,* for appellee.

DEEMER, J.— The material parts of the contract upon which this action is predicated read as follows:

> That for and in consideration of the agreement by said David Galt, Jane McCornack, and Elizabeth Provan, said parties of the second part, that said William J. Gault, said party of the first part, shall receive one-fourth interest in the estate of John Galt, deceased, and Janet Galt, widow of said John Galt, and the further consideration that said David Galt, Jane McCornack, and Elizabeth Porvan, parties of the second part, shall relinquish to the said William J. Galt, and by these presents do relinquish, all their right, title, and interest either present or future, in the personal property upon the following described real estate, to wit: The east one-half of the southeast quarter of section 32, township 86 north, range 14 west of the 5th P. M., with the exception of the household furniture upon said real property, I, William J. Galt, party of the first part, hereby agree to relinquish all claims upon the estate of John Galt, deceased, and upon the estate of Janet Galt, widow of the said John Galt, deceased; and, further, said William J. Galt relinquishes all interest he may have in one certain last will and testament of the said Janet Galt, made and executed on the 9th day of October, A. D. 1894. The said William J. Galt further agrees

to deed to the said Janet Galt the certain real estate amounting to 18 acres more or less; provided that, should the said William J. Galt at any time in the future make any further claim upon the estate of John Galt, deceased, or Janet Galt, the widow of said John Galt, then this instrument to be null and void and these presents of no effect.

It is contended that the last paragraph of this instrument creates a condition precedent to plaintiff's right to recover, and that in any event it constituted the consideration for the contract, and that plaintiff violated the terms thereof, in that he brought suit against various parties, in which he made claim to some of the estates of the parties named. This is relied upon to defeat plaintiff's action. It is argued that the contract is separable. But this is manifestly unsound. It is not a divisible or separable contract. The parties did not make it so, and we have no power to do it for them.

*1. CONTRACTS: inseparable.*

Again, it is argued that the last provision is a condition precedent, violation of which destroyed defendants' liability. But this is not true. A condition precedent is one which must be performed before the agreement of the parties becomes a valid contract. *Jones v. Association,* 92 Iowa, 652; *Redman v. Insurance Co.,* 49 Wis. 431 (4 N. W. 591). If this be a condition at all, it is what is known in law as a condition subsequent; that is to say, one which if performed or violated defeats the contract. The breach might occur either before or after plaintiff became entitled to the property under the terms of the contract, and in such cases, the rule is universal that the condition is a subsequent one. *Cunningham v. Morrell,* 10 Johns. (N. Y.) 203 (6 Am. Dec. 332); *Finlay v. King,* 3 Pet. (U. S.) 374 (7 L. Ed. 701); *Bell v. Alexander,* 22 Tex. 364 (73 Am. Dec. 268); *Jones v. Railroad,* 14 W. Va. 522; *Regan v. Walker,* 1 Wis. 556. The very language of the proviso indicates that the parties understood it to be a condition subsequent, in the nature of a forfeiture of plain-

*2. CONDITIONS SUBSEQUENT.*

tiff's rights under the contract in the event he did certain acts. Such being its nature, defendants' remedy for the breach thereof was damages. *Woodruff v. Power Co.,* 10 N. J. Eq. 508. Giving to the contract its broadest interpretation, the proviso in question was a contingency rather than a condition. *Spencer v. See,* 5 Redf. Sur. (N. Y.) 447. We believe it to be a condition subsequent.

But it is contended that the promise was a dependent condition or promise constituting the sole consideration for the contract; and that in its breach the consideration failed, and no recovery can be had thereon. This is not correct. This promise was not the sole consideration for the contract. How much it had to do with it cannot be determined for the parties have furnished us no measure in the contract itself, and it is manifestly not divisible. *Emigrant Co. v. Adams Co.,* 100 U. S. 61 (25 L. Ed. 563). As the condition is a subsequent one, which undertakes to annul the contract, we proceed to the next proposition; and that is, that a court of equity will not enforce a forfeiture by reason of the breach of such a condition. *Marshalltown v. Forney,* 61 Iowa, 584; *Gardner v. Lightfoot,* 71 Iowa, 577; *Bonniwell v. Madison,* 107 Iowa, 85; *Wells v. Smith,* 2 Edw. Ch. (N. Y. Ch.) 78.

3. FAILURE OF CONSIDERATION.

Aside from this, however, it appears that, after knowledge of the claimed breach of condition, defendants set up this contract and succeeded in defeating the previous action brought by plaintiff, by reason in part at least of the agreements contained therein. See *Galt v. Provan,* 108 Iowa, 565. Having used the contract in that case, and insisted upon its validity for the purpose of defeating plaintiff, it cannot now be heard to say that the contract is not in force. Defendants will not be allowed to assume such inconsistent positions. *Kramer v. Kramer,* 68 Iowa, 567; *Scott v. Luther,* 44 Iowa, 572; *Hyatt v. B. C. R. & N. R. R.,* 68 Iowa, 662; *Shropshire v. Ryan,* 111 Iowa, 677; *Riegel v. Ormsby,* 111 Iowa, 10.

4. ESTOPPEL.

Appellants have received part of the consideration for the contract, including a deed to the eighteen acres of land, and they have also received all the estates of the Galts.    In view of this part performance of the contract equity will not allow them to retain what they have received, and insist upon the forfeiture of the contract for breach of a condition subsequent, which did not constitute the entire consideration for the engagement.    Beach on Contracts, volume 1, sections 107, 108.    Appellant's plea of former adjudication is without any support in the evidence.

5. PART PERFORM-
ANCE: for-
feiture.

II. The trial court found that plaintiff was entitled to the sum of $4,649.45 under the contract, but allowed defendants the sum of $1,000 as attorney's fees and other expenses for breach of the provision we have been considering, reducing the judgment to the amount heretofore stated.    Defendants did not ask for this nor did they make any proof as to attorney's fees or other expenses incurred.    In allowing this set-off or counterclaim the trial court in these circumstances was in error.    Appellee in his argument asks that the judgment in his favor be increased to $4,649.45, with 6 per cent. interest from November 10, 1904.    This he is entitled to, and the case will be remanded for such a decree.

6. ATTORNEY FEES
AND EXPENSES:
allowance.

On defendants' appeal the case is affirmed, and on plaintiff's appeal it is *reversed*.