## MOSER v. CROOKS, Admr.

Statute of limitations: OPEN ACCOUNT. A continuous, accruing indebtedness for board, rent or the like, is a continuous, open, current account within the meaning of the statute (Rev., § 2743), and the portion thereof extending beyond five years is not barred by the statute of limitations respecting unwritten contracts and accounts; as the account will, in such case, under said section, be deemed to have accrued, and the statute begin to run only from the date of the last item as proved upon the trial.

*Appeal from Boone Circuit Court.*

THURSDAY, JULY 27.

IN this case plaintiff filed a claim against the estate of William Pollock, deceased, based upon an account for board and lodging, office rent and care of horse from 1855

Moser v. Crooks.

to November 27, 1869, and for special care of decedent for ten years previous to his decease. Each different cause of claim is charged in one item and not in separate items charged at different dates. Included in the claim are two items for money advanced for the payment of two notes given by decedent. The whole amount of the claim is $15,502.08. The administrator pleaded as a defense the bar of the statute of limitations to defeat that part of the claim accruing prior to five years before the commencement of the proceedings.

As a defense to the whole claim, it is alleged that plaintiff and decedent were, for the whole time since the commencement of the claim, partners in the practice of medicine, and that the indebtedness, which is alleged as the foundation of the claim, was paid out of the proceeds of the business of the partners; that payments of money by plaintiff, which are items of the account, were made voluntarily and without the consent of decedent, and that the services for care and board were rendered voluntarily, without a contract, either express or implied, that decedent should pay therefor. Upon a trial, the court found there was due plaintiff, upon said account, the sum of $6,322.44, and allowed the same, ordering payment to be made by the administrator.

Defendant appeals.

*Hull & Ramsay* and *Phillips & Phillips* for the appellant.

*Withrow & Wright* with *Boardman & Brown* for the appellee.

BECK, J. — I. Defendant's counsel insist that the evidence does not support the judgment of the circuit court. This objection first demands our attention. That deceased boarded with plaintiff, occupied his office and had his

horse kept by plaintiff, for the time specified in the claim filed, are facts established beyond a doubt by the evidence. The evidence in an equally satisfactory manner sustains the finding of the court as to the value of the services. But defendant alleges that during the time the claim was accruing the parties were copartners, and that plaintiff was paid by the proceeds of their business. The evidence utterly fails to support this position. There is, to our minds, an entire absence of evidence that there was a partnership existing between them. There is no pretense that payment was made in any other way, except as to two or three small amounts, and the evidence is not sufficient to support the conclusion that these payments were made. We will not be expected to enter further into a discussion of the evidence upon these points.

II. It is argued that presumption must be exercised against the claim on account of its long standing, or rather the long time in which it has been accruing without any evidence of payments having been made upon it. It is urged that this fact strongly supports defendant's theory, that it was either paid out of the proceeds of decedent's business, or that the services were rendered by plaintiff as a mere gratuity to decedent, without the expectation of payment, and cannot, therefore, become the basis of a large claim against defendant. It must be admitted that the fact thus presented is a very unusual one, and quite out of the ordinary manner of business among men. But we think the evidence affords a satisfactory explanation for its occurrence in this case. The decedent was for many years an inebriate of the worst class. He seems to have been a sober man when he first began to live with plaintiff. They were both physicians and, it is not too much to presume, were held together by ties of friendship which often bind men of like pursuits. Decedent was without means, and, on account of his habits, earned by his profession little or nothing. Under this state of facts, it is not incredible that plaintiff

should have boarded and cared for him for so many years without receiving pay therefor. It is true that such kindness is rarely exhibited toward such a wretched, besotted man as the evidence clearly exhibits decedent to have been, but its exercise in this case is creditable to plaintiff, and should not now be made the reason and excuse for depriving him of his just right to enforce his claim against the estate. Whatever were plaintiff's motives, in rendering these services, for so long a time, without payment, the facts are clearly established that he did render them, that he has not been paid, and as there is an entire absence of proof that they were rendered as a gratuity, without the intent or right to charge therefor, he unquestionably is now entitled to recover their reasonable value.

We are of the opinion that the price allowed for board of decedent from January, 1862, to November 27, 1869, is too great. Eight dollars per week is allowed. We think $4.00 is a fair allowance. The judgment ought to be modified so far as to deduct the amount of $1,716 therefrom, being the excess allowed for board, for the time above-named, over the amount thereof, at $4.00 per week. The amount of the judgment, therefore, ought to be $4,606.44.

III. It is insisted that recovery for any part of the claim accruing more than five years prior to the commencement 1. STATUTE OF of this proceeding is barred by the statute of LIMITATIONS: open account. limitations. Under section 2740 of the Revision, actions founded upon unwritten contracts and accounts are barred at the expiration of five years after they have accrued. Section 2743 provides, that "When there is a continuous, open, current account, the cause of action shall be deemed to have accrued on the date of the last item therein, as proved on the trial." If we regard this as an action upon an account no part of the claim is barred. Its items were daily, monthly or yearly accruing. The last one was not within the time fixed by the statute as a

bar — accruing in fact less than three months before the suit was commenced. During the long time this account was running it was continuously accruing, and in the language of the statute, it was "a continuous, open, current account." We know of no reason that requires the items of such an account, which accrued more than five years before the commencement of the action, to be regarded as barred.

It is not claimed that if the cause of action be considered as based upon an implied contract it is barred by the statute. We need not therefore consider it in that view.

In our opinion the judgment of the circuit court, modified as above directed, is correct. The cause is therefore remanded with direction that a judgment be entered for the sum of $4,606.44.

Modified and affirmed.

MILLER, J., dissenting.