RAYMOND BROTHERS v. WILLIAMS & CHAPMAN.

1. **Account:** INTEREST. Where parties are engaged in continuous dealings, the presentation of bills at various times stating parts of the account does not raise the presumption of liquidation, under which interest is thereafter chargeable upon the balances shown to be due.

2. **Practice in the Supreme Court:** ERROR WITHOUT PREJUDICE. Error without prejudice will not justify the reversal of a judgment.

*Appeal from Blackhawk Circuit Court.*

TUESDAY, DECEMBER 15.

ACTION upon an account for goods sold. The cause was submitted to the court without a jury, and a judgment rendered against defendant for $346.83. Plaintiffs appeal. The facts are fully stated in the opinion.

*Ordway & Husted,* for appellants.

*Miller & Preston,* for appellees.

BECK, J.—The first item of charge against defendants in the account is of the date of April 18, 1864, the last March 28, 1868. The items of the account both debit and credit are numerous, showing almost daily transactions. The balance of the account at the expiration of six months from the date last mentioned as shown therein is $2,522.21 in favor of plaintiffs. Within these six months large payments are entered in the account to the credit of defendants, and after their expiration other large credits are also given. The account was often balanced during the time of the transactions, and bills, made of the items, were presented to defendants.

. The court found that September 28, 1868, there was due plaintiffs $425.41, and allowed interest thereon from that date. From the sum of the principal and interest, the payments made after that date were deducted, making due allowance for interest thereon.

I.   The plaintiffs insist that interest should have been allowed upon the account from the day each bill of items was

1. ACCOUNT:
interest.

presented; that the presentation of these bills, to which no objections were made by defendants, amounts to a settlement or liquidation of the account, and thereon interest will be chargeable against defendants, calculated upon the balance as shown by each bill. It may be admitted that the presentation of an account showing a balance due, to which the person charged makes no objection, will raise a presumption of its liquidation, and that interest will be chargeable thereon afterwards. This was so ruled in *David v. Conrad & Co.*, 1 G. Greene, 336. But the question in this case is, whether continuous dealings, represented in one account, may be divided into separate accounts, which will be presumed liquidated simply by the rendering and presentation of bills of items covering parts of the transactions. We think this cannot be done. All of the transactions are to be regarded as one account, and the mere fact that bills of items were frequently rendered by the creditor, does not require it to be considered as more than one; nor will the separate bills rendered for parts of the account together, be regarded as a liquidation of the whole.

II.   We understand from the result of the court's finding as exhibited in the amount of the judgment, that interest was allowed upon the amount due on the account, after six months from the date of the last debit item, and payments made thereafter, with proper allowance of interest, were deducted therefrom. The court's finding as set out in the abstract is hardly intelligible when read in connection with the account sued on. It refers to payments made after May 13, 1872. No such payments are shown in the abstract. Certain payments were made between September 28, 1868, and May 13, 1872. The last item in the account on the credit side is of the date last

Raymond Brothers v. Williams & Chapman.

mentioned. We ascertain by a calculation, that the sum found by the court is the amount stated in the finding as due September 28, 1868, with interest thereon from that date, less the payments which the court finds were made and interest thereon:

But plaintiff insists that the court should have allowed interest on a larger sum. The account shows that on the 28th of September, 1868, $2,522.21 were due; but the court finds $425.41, as the balance on that day. This is readily accounted for; the court found that the credits of the defendants were not correctly given in the account, and that one item, entered subsequently to the 28th of September, was paid before that date, and so considered it in making up the judgment. This is readily discovered by an inspection of the account and the findings of the court. At all events the court found $425.11 to be due September 28, 1868; this sum with interest from that day, less credits and interest thereon, as found by the court, is the amount of the judgment. The evidence in the case is not before us; the correctness of the court's findings upon the facts cannot, therefore, be questioned.

Counsel on both sides argue the case as though the court calculated the interest from the date of the last credit item in the account, and not from September 28, 1868, six months after the date of the last debit item. But, in the fact assumed, they are evidently mistaken.

We are not called upon to decide under which of the rules interest should be calculated. The plaintiffs do not object to 2. PRACTICE in the rule adopted, if the one contended for by them the Supreme Court: error is not followed, for their judgment is greater than without prejudice. it would have been if interest had been calculated by the rule which both sides assume was applied. They suffer no prejudice and cannot complain. The defendants cannot object to the judgment as they did not appeal. In our opinion the judgment of the Circuit Court ought to be

AFFIRMED.