Kilbourn v. Anderson.

---

## KILBOURN v. ANDERSON.

1. **Estates of Decedents:** CLAIM ON BOOK ACCOUNT: EVIDENCE. In an action to establish a claim on book account against the estate of a decedent, plaintiff's books were properly admitted in evidence, as well as his own testimony identifying the books and explaining charges by showing the dates thereof, and the like.

2. ———: ———: JUDGMENT: PRESUMPTION AS TO CORRECTNESS. Where the account in such action contained items not proper to be established by the books, and others not properly chargeable to the estate, but the judgment did not exceed the amount of the items properly proved and owing by the estate, this court will presume that the improper items were rejected by the trial court.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, MAY 17, 1889.

PROCEEDING on the probate side of the court for the allowance of a claim against the estate of which defendant is the administrator. From an order allowing it defendant appeals.

*E. A. Holcomb,* for appellant.

*C. J. Deacon,* for appellee.

BECK, J.—I. Defendant is the administrator of the estate of John F. Sweet, deceased. Plaintiff's claim against the estate, which he seeks to enforce, is based upon an account which has been running for a great many years, the first item bearing date in 1859, and it is claimed that continuous transactions are shown by the account to 1886.

II. Defendant insists that there is no legal evidence tending to establish plaintiff's account accruing prior to 1861; that plaintiff was paid for the items in the account up to 1863; and that there was a break in the account, so as to destroy its continuity, in 1866. For these reasons he insists no allowance should be made for the items accruing before the last-named date. But we think we may disregard all items prior to 1868, and, starting with a balance shown to be due at that date, we will find that the evidence establishes with reasonable certainty an indebtedness on the part of the estate to plaintiff equal to or exceeding the amount allowed by the judgment of the district court.

III. It is insisted that the indebtedness shown by the account from 1871 to 1879 was chargeable to a copartnership of which plaintiff's intestate was a member. We think the evidence fails to sustain this position. The intestate, it is shown, did not himself recognize one of these partnerships; another is shown not to have existed; and, by an arrangement between all of the

parties, the intestate assumed to pay the indebtedness of the other firm to plaintiff.

IV. In our opinion, the account was continuous. It was of the transactions between the parties pertaining to plaintiff's employment by deceased. This employment was practically continuous. Plaintiff was constantly employed when there was work to be done, or when temporary matters did not interrupt his employment. We think the evidence quite clearly shows that his employment was continuous during all of this long period of time, though prices and the rate of compensation may have been varied at different times. The employment being continuous, the charges for services rendered therein are continuous.

V. Plaintiff's books of accounts contained charges for cash and notes, which defendant insists are not proper items to be established by the books of accounts. Admitting the correctness of this position, it is to be presumed that the court below rejected these items, as the judgment is not in a sum sufficiently large to cover them, together with the items properly established by the books of account.

VI. Counsel complain of evidence by plaintiff pertaining to the book accounts which identified the books, or explained charges by showing the dates thereof and the like. We think this evidence was rightly admitted. The books themselves, we think, were rightly admitted in evidence.

VII. Certain items, amounting to about sixty-seven dollars, were on account of transactions had with the widow after the death of intestate. If it be admitted that these items are not chargeable against the estate, it is not a ground of reversal, as it does not appear that they were allowed by the district court. We will presume they were not, as the evidence establishes other items making up the amount of the judgment, which, we will presume, was rendered for the items properly chargeable to decedent. The foregoing discussion disposes of all questions in the case. The judgment of the district court is                                AFFIRMED.