W. J. WERNLI, Appellant, v. MARGARET COLLINS, Appellee.

1, Contract: RESCISSION: EVIDENCE. Where the plaintiff agreed to put in for the defendant a well, pump, windmill, etc., and to furnish a good supply of water for her stock, knowing the number of head of stock she had, and the work, when done, failed to furnish a good supply of water, and the plaintiff, upon being notified of that fact, failed to remedy the defect, held, that the defendant had the right to rescind the contract by notifying the plaintiff to remove the windmill and appliances, and refusing longer to use the same. The fact that the season was unusually dry was not material.

2. ———: ———: ———: RECOVERY ON QUANTUM MERUIT. The improvements contracted for in such case not being of such a permanent nature that they could not be removed, held, that the defendant was not bound to keep them for what they were actually worth; and that in any event the plaintiff could not recover anything therefor, since his action was brought upon an express contract, and not upon a quantum meruit.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, FEBRUARY 1, 1893.

ACTION in equity for the foreclosure of a mechanic's lien. Judgment dismissing the plaintiff's bill, and he appeals.—*Affirmed.*

*F. M. Roseberry* and *Geo. C. Scott,* for appellant.

*Argo, McDuffie & Reichmann,* for appellee.

KINNE, J.—The plaintiff, on June 17, 1890, entered into a written contract with the defendant for the erection on her farm of a windmill pump, tower, well, and the necessary conducting pipes. The defendant was to pay therefor two hundred and sixty-five dollars, by executing to the plaintiff, in sixty days after the mill was erected and in good working order, her promissory note, due in the fall of 1890, or spring of 1891. The plaintiff claims judgment for said sum, and for a mechanic's lien, and makes the necessary averments therefor.

The material question raised by the answer is based on the following provision of the contract: "Wm. J. Wernli agrees to dig and fill anchor post holes and ditch for conducting pipe, and to furnish a good supply of water for stock." The answer, after making certain other allegations, not necessary to be stated, avers that the plaintiff did not perform his contract within a reasonable time, and failed to furnish a good supply of water for stock; and that, by reason thereof, the defendant, on September 16, 1890, rescinded the contract, and ordered the plaintiff to remove said mill and other articles from her land, since which time she has not used said mill. She also denies any indebtedness to the plaintiff.

I.   The evidence abundantly shows that the plain-
tiff failed to comply with his contract in digging a well
that would furnish a good supply of water
for the defendant's stock.   It also shows
that the plaintiff knew, before the contract
was made, the number of head of stock to be supplied
with water; that in a few days after the well was dug
ånd mill erected, the water supply practically failed,
and though the plaintiff had notice thereof, and ample
opportunity to remedy the defect, he took no steps to
make his contract good by furnishing a supply of water
for the defendant's stock; that after September 16,
1890, when the defendant rescinded the contract, and
notified the plaintiff to remove the mill and appliances,
she never used the same.

1. CONTRACT: re-
scission: evi-
dence.

Now, it is clear that, if this was such a contract as
might be rescinded, then the defendant was justified in
so treating it and in fact did rescind it.   The mill
and well failed in the most essential particular to
comply with the contract—to furnish a good sup-
ply of water.   As made by the plaintiff, it was
useless, and of no value to the defendant.   Nor
is the fact that the season was dry an excuse for
the plaintiff's failing to comply with his contract.   In
terms, the obligation of the contract on the plaintiff
to supply water was absolute.   We can not alter the
terms of the contract by assuming that the plaintiff
was to be absolved from complying with that part of
his contract in case the season was unusually dry.   To
do so would be to make a new contract to that extent
for the parties.   The contract is certain and plain.
Under its terms, the plaintiff was to furnish a good sup-
ply of water for stock.   He has failed to do so.   If he
obligated himself to do something that might be diffi-
cult of performance, he did so at his peril, and can not
now complain.

II. The plaintiff contends that the improvements became, as soon as erected, a part of the realty, and

2. ——: ——: ——: *recovery on quantum meruit.* hence he can not remove them; that the defendant must accept them, and, if the contract has not been fully complied with, her remedy is to set up and prove her damages; that she can not rescind the contract. To support this claim, several Iowa cases are cited, but in all of them the improvements were of a permanent character, as houses, barns, and the like, wherein the owner of the land obtained or enjoyed some benefit from the improvement, although the terms of the contract had not been complied with. We do not think these cases are applicable to the case at bar. This case is not like those cited, in this: The improvement is of no value whatever to the defendant; it can be removed without any particular injury to the land. Even if the cases cited were applicable, the plaintiff could not recover. He sues on an express contract, and thereunder he can not recover upon the *quantum meruit.* If he intended to recover under a *quantum meruit,* he should have so pleaded in a separate count of his petition. There is no claim in this petition to recover anything except on the special contract. *Pixler v. Nichols,* 8 Iowa, 106; *Eyser v. Weissgerber,* 2 Iowa, 463; *Corwin v. Wallace,* 17 Iowa, 374; *Flynn v. Des Moines & St. L. Railway Co.,* 63 Iowa, 499. Plaintiff does not plead or prove any waiver of performance by the defendant. It will be observed that in all the cases relied upon by the defendant, so far as the record shows, where a special contract existed, and recovery was had for the actual work, labor, and service rendered, the contract not having been fully complied with, recovery was claimed under a *quantum meruit* count, not, as in this case, under a single count, based upon the contract alone. We think in this case the defendant was fully justified in

rescinding the contract. It was an entirety. The plaintiff failed to comply with it.

As the views expressed dispose of the case, other questions argued need not be considered. AFFIRMED.