HARRY COLE, Appellant, v. W. U. HARVEY, A. L. HARVEY
and R. G. HARVEY.

**Contracts:** VARIANCE BY PAROL. In the absence of the reformation
1  of a contract its meaning is to be ascertained from the language
used therein and not by parol evidence of the parties thereto;
as where defendants contracted that in the event they accepted
title to certain lands they would withhold from the purchase
price and pay plaintiff a specified sum as commission, it was not
competent to show by parol that it was the intention of the par-
ties that if a portion of the land was accepted by the defendants
or either of them, the commission should be paid.

**Construction of contracts.** When the language of a contract is
2  plain and unambiguous, and neither fraud, accident nor mis-
take is pleaded nor approved, the statutory provision that a con-
tract is to be construed against a party thereto in the sense in
which he understood the other party to have intended it, has no
application.

**Commission contract:** CONDITIONS: CONSTRUCTION. Defendants con-
3  tracted to purchase certain described tracts of land for a
specified consideration and if the titles were accepted were au-
thorized to withhold from the purchase price a certain sum
as commission and pay the same to plaintiff. Defendant also
agreed in writing with plaintiff that upon acceptance of the titles
to the described lands they would pay him the agreed sum; there
was no provision, however, that an acceptance of a portion of
the land should entitle him to a proportionate amount of the
commission. *Held,* that an acceptance of part of the land by one
of defendants the condition upon which the liability of defendants
was based never arose and that plaintiff could recover nothing.

*Appeal from Story District Court.*—HON. W. D. EVANS,
Judge.

SATURDAY, MARCH 13, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

ACTION to recover money alleged to be due to plaintiff from defendants under a written contract. On a trial to the court judgment was rendered in favor of defendants, and plaintiff appeals.—*Affirmed.*

*McCarthy & Luke,* for appellant.

*Hays & Amos,* for appellees.

McCLAIN, J.—During the fall of 1906 plaintiff, a real estate agent acting for one Russell, a dealer in Texas lands, procured the defendants to go to Texas and look at certain lands with a view of making purchases thereof from said Russell. The plaintiff, as Russell's agent, showed various tracts of land to the defendants, who made some arrangement for the purchase of certain lands from Russell as the result of negotiations with him without receiving any contract or evidence of such purchase, except a receipt for checks to the amount of $1,000. On returning to Marion County, where they resided, and where both plaintiff and Russell were engaged in business, the defendants endeavored to secure a contract from Russell, and by negotiations, of which plaintiff was cognizant, the following agreement signed by Russell was delivered to them: "Knoxville, Iowa, September 22, 1906. I hereby guarantee to deliver to W. U. Harvey, R. G. Harvey and A. L. Harvey, all of Marion County, Iowa, nine hundred sixty acres of land in sections forty-six and fifty, in block A4, Hale County, Texas. The consideration for section forty-six is twelve thousand eight hundred dollars and the consideration for the east one-half of section fifty is six thousand and eighty dollars. If the above titles are accepted by the said Harvey Brothers then the said Harvey Brothers are hereby authorized to pay Harry Cole twelve hundred dollars as his commissions on business in Marion County, Iowa. The said Harry Cole shall from this date abstain from all work

in Marion County." Defendants had expressed themselves willing to assist plaintiff in securing some arrangement to protect plaintiff in his commission, which he thought to be imperiled by the inability of Russell to carry out the oral contract of sale made in Texas, and, when the agreement above set out was shown to him, he declared himself satisfied with the arrangement therein made in his behalf, and received from the defendants the following written agreement signed by them: "Harvey, Iowa, September 25, 1906. When we accept titles to lands in Texas purchased from Henry Russell or Agts., we agree to hold according to contract between Henry Russell and Harvey Brothers the sum of twelve hundred dollars as Harry Cole's commission as authorized by contract with Henry Russell dated Knoxville, Iowa, September 22, 1906, and forward above twelve hundred dollars to Harry Cole at Story County Bank, Ames, Iowa." The evidence shows that Russell's written undertaking with defendants as the sale to them of nine hundred and sixty acres of land was not carried out on account of his own default, but that by a subsequent arrangement A. L. Harvey purchased the east one-half of section fifty therein. referred to and made payment therefor. Plaintiff's contention is that the acceptance by A. L. Harvey of a portion of the land referred to in the Russell contract bound all of the defendants under their agreement with plaintiff to pay him the commission of $1,200.

I. There was evidence tending to show the intention of Russell and defendants in the delivery and acceptance of Russell's agreement to have been that W. U. Harvey

1. CONTRACT:
   variance
   by parol.

and R. G. Harvey should take section forty-six, and A. L. Harvey should take the east half of section fifty, and that the arrangement between plaintiff and defendants was intended as a protection to Cole in the event that any land should be purchased by the defendants, or either of them, from Russell in pursuance of the negotiations commenced in Texas;

but we think that the trial court properly held parol evidence inadmissible to vary the terms of the instrument. Plaintiff has not asked reformation of his written agreement with defendants, and his right to recover must depend upon the construction of the language of that agreement. · In the reply filed by him to defendant's separate answers many evidential facts relating to the understanding with which the written agreement was entered into were pleaded; but it is plain that, in the absence of reformation in equity, the meaning of the contract must be derived from the language used, and not from parol evidence as to intention.

In the reply it was alleged that defendants were estopped by their knowledge of plaintiff's understanding of the contract from insisting upon its construction in accordance with its terms; but, in the absence

**2. CONSTRUCTION OF CONTRACTS.** of fraud, accident, or mistake pleaded and proven, defendants are entitled to rely upon the language used as evidencing their obligation. The language of the contract being plain and unambiguous, the statutory provision that a contract is to be construed against a party thereto in the sense which he understood the other party to have intended it has no application. *Inman Mfg. Co. v. American Cereal Co.,* 133 Iowa, 71; *Capital City Carriage Co. v. Moody,* 135 Iowa, 444; *Rouss v. Creglow,* 103 Iowa, 60.

II. Reading the contract on which plaintiff sues in the light of the circumstances under which it was made, it is not difficult to arrive at a satisfactory interpretation of

**3. COMMISSION CONTRACT: conditions: construction.** its language. Plaintiff was making a claim against Russell for a commission of over $1,900 for procuring these defendants as purchasers of the land described in Russell's agreement. Plaintiff was fearful that the prospective sale would fall through, or some other arrangement be made which would deprive him of his commission, and he solicited the defendants,

with whom he was on friendly terms, to insist upon a written contract from Russell in which some provision should be made for his compensation. Plaintiff was not allowed to take part in the following conference between defendants and Russell before Russell's agreement with defendants was executed, but was shown the agreement. by one of the defendants, and was told that Russell would do no more. Evidently up to this time defendants were securing provision for plaintiff as a friendly act, and not in the performance of some duty. When plaintiff expressed himself satisfied with the provision made for him in Russell's agreement—that is, satisfied that it was better for him to accept it—the defendants executed the agreement on which suit is brought. The two instruments are therefore to be considered together, for the second was executed in pursuance of the plan embodied for plaintiff's benefit in the first.

By comparing the two instruments, it will be seen that Russell bound himself to transfer to these three defendants the title to a specified section and half section of land in Hale County, Tex., for a particular consideration as to each, and agreed that, if the defendants accepted title to said two parcels of land, they might deduct from the consideration to be paid $1,200 as commission for plaintiff on all the business which he had done for Russell in Marion County; the condition being added that plaintiff should abstain from all business of the same character in said county. There is no indication in this agreement that defendants were bound to accept title to a portion of the land, nor that Russell was bound to make title to one parcel only on the demand of one of the defendants, if title to the other parcel was not accepted by the others. This suggestion is made in view of the contention for appellant that the understanding between Russell and the defendants was that W. U. Harvey and R. G. Harvey should take section forty-six and A. L. Harvey should take the east half of section fifty.

Having in view this arrangement with Russell, the defendants by words of joint obligation only agreed that when they accepted titles to land in Texas—that is, the land specified in Russell's agreement with reference to which this agreement of defendants was executed—they would hold $1,200 as plaintiff's commission and forward that amount to him. There is no agreement as to what should be done if one only of the tracts should be accepted by one only of the defendants, for no such contingency is contemplated in Russell's contract. If appellant's contention were accepted, then on the purchase by one of the defendants of any portion of the land described, or indeed of any land in Texas, the obligation to pay $1,200 to plaintiff would accrue as a joint and several obligation of all the defendants. Plainly this was not the intention of the parties. Of course, if defendants became bound to pay anything to plaintiff, they became bound to pay him $1,200, and that obligation could be enforced against them or any one of them as a joint and several obligation. See Code, section 3465. But there is nothing in this statutory provision affecting the construction to be put upon a contract in determining whether liability has accrued thereunder. We hold that the conditions under which defendants were to become liable to plaintiff for $1,200 never came to pass, and therefore no liability accrued on the part of the defendants, either jointly or severally, under said agreement. It is true that the question whether a contract is to be considered as severable depends largely upon the intention of the parties as evidenced by the provisions of the instrument. *Morris v. Wibaux,* 159 Ill. 627, 648 (43 N. E. 837); *Lee v. Briggs,* 99 Mich. 487 (58 N. W. 477); *Martin v. Fridenberg,* 169 Pa. 447 (32 Atl. 429); 3 Page, Contracts, sections 1484, 1485. But there is nothing in the language used in defendants' agreement to indicate either that the full amount referred to should be paid on a purchase of one tract of land by one of the defendants, or that

a proportionate amount should be paid in such an event. Nothing in the record indicates that the parties ever had in mind any apportionment of the amount to be paid. Cole was insisting that he had already become entitled to receive from Russell about $1,900. He was induced to accept an arrangement which he thought would secure to him the payment of $1,200 of this amount. He does not sue for any proportional part, and he is entitled to recover, if at all, the full amount agreed to be paid. The conditions on which such payment was agreed to be made have not arisen, and the court therefore properly held that plaintiff was entitled to recover nothing.

The judgment of the trial court is *affirmed.*

EVANS, J., taking no part.