## PETER SAUSER v. W. S. KEARNEY, Appellant.

**Contracts:** DIVISIBILITY: AGREEMENTS IN RESTRAINT OF TRADE. In this action the plaintiff owned a lot on which he contemplated ·conducting a lumber business and had contracted for a stock of lumber, paid the freight, and placed a portion of the lumber on the lot. Thereafter he contracted to sell the lumber so purchased and not to re-engage in the business at that place for a term of two years. *Held,* that the contract of sale was not merely of a right to engage in the business but was valid under the rule permitting one to dispose of his business and to agree not to re-engage therein for a specified time and was not divisible, one part relating to the sale of the lumber and the other to refrain from re-engaging in the business.

**Same:** STATUTE OF FRAUDS. The statute of frauds requiring contracts which are not to be performed within a year to be in writing does not apply, where the same contemplates performance by one of the parties within a year: As where one party contracts to sell his stock and not to re-engage in the business for a series of years, the other party agreeing to pay the consideration within a year.

**Same:** AGREEMENTS IN RESTRAINT OF TRADE: VALIDITY. Where one has purchased a stock of goods and has paid for the same or obligated himself to pay therefor, a portion of which has been delivered and placed upon the premises whereon he contemplated conducting the business, a contract of sale of the goods with an agreement not to re-engage in the business is not invalid because of an agreement to forego the mere privilege of engaging in a prospective business.

**Same:** ACTION FOR RECOVERY OF CONSIDERATION. Under a contract to purchase a stock of goods and to pay an additional sum in consideration that the seller shall not re-engage in the business for a series of years, both the purchase price of the stock and the additional sum to be presently paid, the seller may maintain an action to recover the sum agreed upon for refraining from engaging in the business, although such time has not expired.

**Oral contracts:** DETERMINATION UPON CONFLICTING EVIDENCE. Conflicting oral evidence concerning the terms of a verbal contract presents a question for the jury.

*Appeal from Dubuque · District Court.*—HON. ROBERT BONSON, Judge.

Tuesday, May 10, 1910.

Action to recover $500 as the amount remaining due and unpaid, under a contract by which plaintiff sold a stock of lumber to defendant, and agreed not to engage in the lumber business in the town of Cascade, in competition with defendant, for the term of two years. On a trial to a jury there was a verdict for plaintiff, and from judgment on such verdict defendant appeals. Pending the appeal there has been a substitution of an administrator for the deceased plaintiff, but we shall allow the title of the action to remain as it was when the appeal was taken.—*Affirmed.*

*William Graham, J. B. Utt,* and *James B. Graham,* for appellant.

*Matthews & Frantzen* and *T. J. Fitzpatrick,* for appellee.

McClain, J.—The evidence on the trial tended to show that in 1903 defendant was engaged in the lumber business in the town of Cascade, and plaintiff was taking steps to start a rival yard on a lot which he owned in that town, and had proceeded so far as to purchase a stock of lumber, a considerable portion of which had arrived, and was in cars ready to be unloaded, while a few wagonloads had in fact been hauled to plaintiff's lot. Defendant, having been advised of plaintiff's purpose, undertook to make a sale of his business to plaintiff, but as a result of the negotiations it was agreed that plaintiff should sell to defendant the lumber which he had bought, and agree not to engage in the lumber business in the town of Cascade for two years in consideration of the payment to him by defendant of $500 in addition to the cost price to plaintiff of the lumber which he had already

bought.  The defendant paid the cost price of the lumber and took possession of it, but failed to pay the additional $500, and soon afterwards sold his business to another. This action is to recover the balance of the agreed consideration for the contract.

I.  The principal contention for appellant is that under the evidence it appeared that the contract involved a leasing of plaintiff's lot to defendant for two years, and that such leasing, not being evidenced in writing, was void under the statute of frauds, and that thereby the whole contract was invalidated, and it is claimed that the court erred in various rulings and instructions on this subject.  We think the court was justified under the pleadings and evidence in trying the case on the theory that the contract did not involve the leasing to defendant of the use of plaintiff's lot for two years, but that what was testified with relation to the leasing of the lot had reference only to the fact that plaintiff was to be deprived, under the contract, of the right to use the lot for conducting a lumber business thereon for the period of two years.  It seems to have been assumed that plaintiff could not in fact make any other profitable use of his lot than as a lumber yard, but the evidence expressly negatives any understanding that plaintiff was to surrender possession of the lot to defendant, or that defendant was to have anything to do with the possession of the lot, or any control over it, save that plaintiff was not to use it for a lumber yard.  This view which the court evidently took of the evidence, and as we think was justified in taking, eliminated entirely any question with relation to the provision of the statute of frauds that no lease for a longer period than one year shall be enforceable, unless evidenced in writing.  There was not a divisible contract—one part relating to the purchase of lumber, the other to the leasing of a lot—but there was plainly one indivisible con-

1. CONTRACTS: divisibility: agreements in restraint of trade.

tract, under which defendant was to pay an aggregate sum to the plaintiff, to be determined by adding $500 to the price of the lumber, and plaintiff was to turn over the lumber to defendant, and abstain for two years from engaging in the lumber business in the town, involving incidentally his use of his lot for that purpose.

II. It is further contended that the contract was one not to be performed within one year, and therefore invalid under the provision of our statute of frauds that no evidence of such contract shall be received unless in writing. But the settled rule in this state, and as we understand the authorities, in other states, is that such a provision relates to contracts not to be performed on either side within one year. That was the question involved in the case of *Smalley v. Greene,* 52 Iowa, 241, relating to a contract not to engage in the practice of law in a specified place, and the court held that, although the agreement not subsequently to practice law in that locality could not be performed within one year, nevertheless, as the payment of the consideration was to be made at once, the contract was to be fully performed on the one side within a year, and the statute of frauds did not prevent the recovery by the plaintiff of the consideration to be paid, although the contract was not in writing. Our attention is not called to any case indicating a departure from this rule.

2. SAME: statute of frauds.

III. Some question is raised for appellant in his reply argument as to the validity of an agreement to forego the mere privilege of engaging in a prospective business. It is sufficient to say that the business of conducting a lumber yard was not purely prospective so far as plaintiff was concerned. He owned a lot on which the business could be conducted, had gone to the trouble and expense of selecting a stock of lumber, for which he had paid, or was under obligation to pay, the purchase price, had paid the freight for the

3. SAME: agreements in restraint of trade: validity.

transportation of the lumber to the town, and had placed a small portion of it upon the lot. He had therefore opened the lumber business in the town, and it can not be said that his contract not to engage in the business was merely a sale of a prospective right which any one would have to engage in the business in that town if he saw fit. Counsel for appellant cite some authorities as to the invalidity of contracts to suppress competition in business, but no such question is before us. The right of a person engaged in a business in a particular locality to sell out such business and agree not to engage in it for at least a limited period is too well established by our cases to justify an elaboration of the question. *Swigert v. Tilden,* 121 Iowa, 650; *Marshalltown Stone Co. v. Des Moines B. M. Co.,* 114 Iowa, 574.

The contention that the action was premature because brought before the expiration of the two-year period during which plaintiff was not to engage in the lumber busi-

4. SAME: action for recovery of considera- tion.

ness is not applicable to the evidence. It appears without conflict that the consideration was to be paid at once, and that it was in its nature indivisible. The fact that defendant did pay plaintiff the purchase price of the lumber, and postponed temporarily the payment of the balance, does not even tend to show in itself that there was a divisible contract. We see no ground for the contention therefore that the $500 which was agreed to be paid in addition to the price of the lumber was not payable until after the expiration of the two-year period. Surely a valid contract can be made for the present payment of a lump sum in consideration of an agreement not to engage in a business for a specified period, and the payment may surely be enforced as an obligation already matured, although the time during which the other party agrees to remain out of business has not yet expired. A contract may be matured and enforceable on one side, although it involves

obligations executory in their nature on the other. No authorities need be cited in support of so elementary a proposition. The case of *Norton v. Preston*, 15 Me. 14 (32 Am. Dec. 128), relied upon for appellant, relates to the effect of part performance as taking a contract for the sale of real estate out of the statute of frauds. Under our statute it would have no bearing in this state in a case involving such a contract, and it has no application whatever to the question whether the contract in controversy is one not to be performed within a year under our statutory provision.

IV. No error was committed by the court in failing to so instruct the jury that they might deduct from the amount due from plaintiff under the contract the rental value of his lot for two years. As already indicated, the defendant did not contract for the possession of the lot, and therefore had been deprived of nothing to which he was entitled.

5. ORAL CONTRACTS: determination upon conflicting evidence.

He admits in his own testimony that no right of possession was to accrue to him under the contract. The complaint that the court improperly left it to the jury to construe the contract between the parties is without foundation, as an examination of the instructions shows that the jury was directed only in this respect to determine whether the contract relied upon by plaintiff was in fact made, and to find the terms and conditions thereof. There was no occasion for construction; the only question was of fact—what the terms of the contract really were, if any was made—and that question was properly left to the jury under conflicting parol evidence as to the various conversations between the parties. Other complaints as to instructions given, and as to refusals of instructions asked, are sufficiently disposed of by the previous announcement of our conclusions on questions of law argued for appellant.

The judgment of the trial court is *affirmed.*