LILLIAN JORDISON, Appellee, v. JORDISON BROTHERS et al., Appellants; ARTHUR JORDISON, Defendant, Appellee.

No. 41695.

MARCH 7, 1933.

D. M. Kelleher, for appellants.

Thomas & Loth, for appellees.

ALBERT, J.—The defenses made are: (1) A specific and general denial that any loan has been made; (2) if any money were advanced by the plaintiff, it was to her husband individually and not to the copartnership; (3) a counterclaim was pleaded.

Briefly stated, the facts are as follows:

Arthur, John, Ethel Jordison, and Sarah Anderson are brothers and sisters, who, under the firm name of "Jordison Brothers," operated a retail store in the village of Coalville from June, 1929, to May 6, 1931, when the store was closed. Lillian Jordison, the plaintiff, is the wife of Arthur Jordison, one of the members of the firm. Her claim is that she loaned to the partnership the sum of $500 on May 6, 1929, and was to receive 7 per cent. interest on the same. As above indicated, there was a defense on the part of the defendants, and the jury returned a verdict in favor of the plaintiff. There was no question raised as to the sufficiency of the testimony to support the verdict.

As noted, the partnership of Jordison Brothers and the four members of the firm are made parties defendant herein, one of

whom, Arthur, is the husband of the plaintiff. The Jordison Brothers and three of the members, aside from Arthur, filed answer, in the third division of which a counterclaim is plead, setting up that Jordison Brothers sold and delivered family necessities for the family of Lillian and Arthur Jordison, in an amount in excess of the claim of the plaintiff, claiming that the Jordison Brothers and these defendants are entitled to an offset and counterclaim on account of family necessities sold to Arthur Jordison, and praying that the plaintiff's petition be dismissed.

On motion, this counterclaim was ·withdrawn from the consideration of the jury, and this action on the part of the court is claimed to be erroneous. Such action of the court seems to have been taken, not because of ·want of· proof of the furnishing of the family necessities, but upon the ground that the account pleaded for such necessities, under the situation in the case, was not pleadable as a counterclaim.

Section 10459, Code 1931, reads as follows:

"The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

Under this section, the husband and wife are jointly or severally suable for family expenses. The firm of Jordison Brothers, as such, then would have a right to sue both jointly or to bring a separate and independent action against each, and if this action were only an action between Lillian Jordison and the partnership, the Jordison Brothers, they undoubtedly would have a right to use this account as a counterclaim, but as noted above, the action was not only against the partnership, but also all of the partners are named as parties defendant.

Section 11151, Code 1931, provides, in part:

"Each counterclaim * * * must be: * * *

"3. Any new matter constituting a cause of action in favor of the defendant, or *all* of the defendants if more than one, against the plaintiff, * * *."

It is quite apparent under this section that their cause of action of which they seek to avail themselves by way of counterclaim must be in favor of *all* of the defendants against the plaintiff. It is quite

evident that the individual partners who are part of the defendants, as such, had no cause of action whatever against the plaintiff on this account for family expenses. More than this, the defendant Arthur Jordison could not sue the wife, Lillian, for such family expenses. Johnson v. Barnes, 69 Iowa 641, 29 N. W. 759.

In the case of Shaw v. Ioerger, 203 Iowa 1256, 212 N. W. 719, 721, we discussed this question and said:

"A careful reading of this section can lead to but one conclusion, and that is that, where new matter is set up which constitutes a cause of action in favor of one defendant, when there is only one, or all of the defendants, if there are more than one, it is a good counterclaim. * * * The statute needs no construction, but means exactly what it says. That is. * * * if there be more than one defendant, then the counterclaim filed must belong to all of the defendants. This is the wording of the statute, and we so hold."

II. The appellants complain about an instruction given which they claim erroneously charges the jury, in effect, that there was a presumption that the money was advanced as a loan. A careful reading of the instructions, however, we find does not warrant the criticism. Considering them altogether, we do not think the jury was misled on this question.

III. It is further urged that the court erred in telling the jury that a partnership existed during all of the time in controversy herein. Plaintiff's petition alleges that this partnership existed, and the evidence of John Jordison shows the existence of the partnership. The Code (1931, sections 11207 and 11208) provides that a plaintiff suing as a * * * partnership * * * may aver the same generally, or as a legal conclusion. If either of the allegations contemplated * * * is controverted, it shall not be sufficient to do so in terms contradictory of the allegation, but the facts relied on shall be specifically stated.

IV. One other question is discussed here which arises because of an instruction given in the following form:

"If on the other hand the jury should find by a preponderance of the evidence that the money, if any, so advanced by plaintiff was advanced and loaned by her to her husband only and not to the partnership, even though he immediately may have turned such money in the partnership as his contribution to the partnership

capital; that the answering defendants did not know or appreciate or understand that plaintiff was not loaning the money in question to the partnership, but on the contrary understood and believed that such money represented the contribution of the husband, Arthur Jordison, to the partnership capital, then of course the obligation to repay the money, if any, would be that of the defendant, Arthur Jordison, alone and not that of the partnership or the other individual members; and in such case you should find such affirmative defense to have been established, and should return a verdict for the defendants."

The point urged is that the court should not have placed the burden of proof on the defendants to prove the matters referred to in said instruction. When we turn to the defendants' answer, we find that the matters referred to in this part of the instruction were set out separately under a designation of "Second Defense". The first defense pleaded was a general denial. Having designated this as a second defense, separate and distinct from the general denial pleaded in the first defense, and setting it out in a separate division, all indicated that the defendants were relying on this as a defense separate and distinct from the general denial in the first defense.

Section 11117, Code 1931, provides that each affirmative defense shall be stated in a distinct division of the answer, and must be sufficient in itself.

This matter was pleaded in a separate division and would in fact be sufficient without regard to the denial in the first division. The defendants having pleaded this matter in the way they did, we think it was an invitation to the court to instruct exactly as he did instruct in the case. Further than this, it is very doubtful whether the exception taken to this instruction in the lower court covered the point now urged. See Johnson v. McVicker, 216 Iowa ......, 247 N. W. 488.

After carefully reviewing the record in this case, we find defendants had a fair trial, and there is no reversible error in the record.—Affirmed.

KINDIG, C. J., and EVANS, UTTERBACK, DONEGAN, and STEVENS, JJ., concur.